DATATROL INC. *vs.* STATE LOTTERY COMMISSION & others. February 4, 1980. Plaintiff Datatrol Inc. commenced this action on September 11, 1979, in the Superior Court for Middlesex County, alleging that defendant State Lottery Commission's (Lottery) Third Invitation to Bid and Request for Proposals for On-Line Number Selection Lottery Processing System violated the requirements of G. L. c. 7, § 22. Datatrol prayed for a temporary restraining order and preliminary injunction forbidding the Lottery and its chairman, members, executive director and deputy director from proceeding to award a contract under the Third Invitation to Bid. Datatrol also asked for a declaration that G. L. c. 7, § 22, required proper competitive bidding and approval of the State Purchasing Agent for the procurement of the on-line system and that the Third Invitation to Bid did not comport with these requirements. On September 18, the judge granted the preliminary injunction pending the plaintiff's filing of a surety bond. The defendants' motion for summary judgment was denied on September 21. On September 26, Datatrol moved for summary judgment. The parties stipulated that, if G. L. c. 7, § 22, applies to the procurement contemplated in the Third Invitation to Bid, then the plaintiff's motion should be granted. If not, the motion should be denied. The judge allowed the plaintiff's motion and continued the injunction. We granted a motion to consolidate the defendants' appeal with the appeal in *Datatrol Inc.* v. *State Purchasing Agent, ante* 679 (1980).

The Third Invitation to Bid purports to be issued under G. L. c. 10, §§ 24, 26, and G. L. c. 29, § 29A. It purports to invite bids for a services contract and provides for leasing, rather than purchasing, of equipment. It does not provide for approval of the State Purchasing Agent. The purposes of the system are the same as those of the system described in *Data-*

*trol Inc.* v. *State Purchasing Agent, supra,* and that case controls here. We held there that G. L. c. 7, § 22, generally applies to procurement of an on-line number selection lottery processing system. We further held that the statute applies even though the contract is for a lease of equipment and for services. In view of the stipulation of the parties, the applicability of G. L. c 7, § 22, is the only issue before us. We have held G. L. c. 7, § 22, to apply in the related case before us.

*Judgment affirmed.*

*Paul A. Good,* Assistant Attorney General, for the defendants.
*Charles F. Choate (Wm. Gerald McElroy, Jr.,* with him) for the plaintiff.